FILED

NOV 1 6 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action 5:22-cv-00419

Clinton Brinson,
          Plaintiff,                    Motion To Amend Complaint.

V.

Falu Corporation d/b/a Falu Security,
          Defendant,

I am filing this Motion To Amend Complaint to add that Falu Corporation
d/b/a Falu Security also violated my rights under the Fair Labor Standards
Act (FLSA) anti retaliation provision, 29 U.S.C. Section 215(a)(3)
terminating me for complaining to him that I was going to the EEOC about
my paychecks being late. On or about December 2020, I was hired by
Defendant as a Security Guard. From the first paycheck to the last
paycheck I received all of them were about two weeks late and I finally got
frustrated with the late paychecks and informed Defendant through text that
I was going to take this matter of my paychecks being late to the EEOC.
The same day I text Captain Brodie (who I knew then as Lt Brodie) my
immediate supervisor that I was going to the EEOC about my paychecks
being late she text me back that same day going at me about going to the
EEOC about my paychecks being late and informing me I was terminated.
See attached copy of text message to Captain Brodie (who I knew then as
Lt. Brodie) and her response to me making my complaint to her about
receiving my paychecks late and my intentions on going to the EEOC about
it. The text messages clearly show she was going at me for telling them I
was going to the EEOC about my pay being late and she was upset and
informed me that I was terminated. Chief Knight tried to claim I was
terminated because of my criminal background and couldn't receive a
Private Protection Services Board security license to be able to work as a
Security Guard for Falu Corporation d/b/a Falu Security. However, I had

already in a meeting with Chief Knight at his Durham office that he had sent to the Private Protection Services Board a application for me to be an armed security guard which he already knew I couldn't be because of my criminal record but he was supposed to have sent in an application to the Private Protection Services Board for me to be an unarmed security guard which is what I was hired for. Moreover, Paul Sherwin Director of the Private Protection Services Board had sent me an email which I informed Chief Knight I had that Paul Sherwin would allow me to get the Private Protection Services Board security license to work as an unarmed security guard if the Falu Corporation d/b/a Falu Security company would submit to the Private Protection Services Board an unarmed application. See attached copy of Paul Sherwin's email to me that he would allow me to get the Private Protection Services Board security license to work as an unarmed security guard if the Falu Corporation d/b/a Falu Security company would submit to the Private Protection Services Board an unarmed application. Chief Knight never submitted the unarmed application to the Private Protection Services Board for Paul Sherwin to approve me a license to work as a unarmed security guard for Falu Corporation d/b/a Falu Security but instead tried to use the denial of my security license for an armed security guard as a reason for the Defendant terminating me. This reason by Chief Knight clearly belies why I was terminated and does not support Defendant's defense denying my allegations. Moreover, the evidence discovered during the EEOC investigation also found Defendant failed to keep records in violation of 29 C.F.R. Section 1602.14 which requires the preservation of any personal or employment record made or kept by an employer and other records having to do with hiring, promotion, demotion, transfer, lay-off or termination, rates of pay or other term of compensation, and selection for training or apprenticeship, for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later. See attached copy of EEOC DETERMINATION paragraph 4. Moreover, again, see attached copy of the EEOC's Determination on this matter finding that the evidence supports my retaliatory discharge allegation and does not support Respondent's defenses. The simple truth is Defendant violated my rights under the FLSA anti retaliation provision 29 U.S.C Section 215(a)(3). The Fair Labor

Standards Act anti retaliation provision 29 U.S.C. Section 215(a)(3) makes it unlawful for a covered employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." I contend that an employee who complains of FLSA violations to his employer is protected from retaliatory firing because he has "filed any complaint" within the meaning of the anti retaliation provision. See Supreme Court case Kasten v. Saint-Gobain Performance Plastics Corporation, No. 09-834(2011), Petitioner, Kevin Kasten, brought a retaliation lawsuit against his former employer, Saint-Gobain Performance Plastics Corporation ("Saint-Gobain" or "the Company") under the FLSA alleging that the Company discharged him because he orally complained to Saint-Gobain officials about the location of time clocks, which prevented employees from being credited for time spent taking on and off work clothes. Saint-Gobain asserted that Kasten was terminated for failing to record his comings and goings after repeated warnings and not in retaliation for his time clock complaints. Moreover, the Company argued that his time clock location complaints were not protected activity under the FLSA because they were not in writing. The Supreme Court found that Kasten oral complaint to Saint-Gobain officials about the location of time clocks, which prevented employees from being credited for time spent taking on and off work clothes had provided fair notice to the employer that Kasten was making a good faith assertion of his rights under the anti-retaliation provision of the FLSA. Also, see Minor v. Bostwick Labs., Inc 669 F.3d 428 (4th Cir. 2012), on June 1, 2009, Minor filed a complaint against Bostwick in the United States District Court for the Eastern District of Virginia. Relevant to this appeal, Minor alleged that Bostwick had terminated her employment in retaliation for engaging in protected activity as defined by the FLSA's anti-retaliation provision, 29 U.S.C. Section 215(a)(3). The alleged protected activity consisted of Minor's report to Miller concerning the alteration of the time sheets and the resulting lack of overtime pay during the aforementioned May 6 meeting. Minor sought compensatory damages, punitive damages, and attorney's fees. On July 6, 2009, Bostwick filed a motion to dismiss the retaliation cause of action

under Rule 12(b)(6) for failure to state a claim. The District Court framed the issue as "whether" an employee's informal, intra-company complaint regarding possible FLSA violations by her employer qualif[ies] as protected activity under … the FLSA's anti-retaliation provision." Minor v. Bostwick Labs., Inc F.Supp.2d433-434. We conclude by emphasizing that our holding that intra company complaints may constitute "fil[ing] any complaint" under Section 215(a)(3) does not mean that every instance of an employee "letting off steam" to his employer constitutes protected activity. Kasten, 131 S.Ct. at 1334. To the contrary, "the statute requires fair notice" to employers, Id. To protect employers from unnecessary uncertainty, "some degree of formality"    is required for an employee complaint to constitute protected activity, "certainty to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns. Id. Therefore the proper standard for the district court to apply is the aforementioned test articulated in Kasten: whether Minor's complaint to her employer was "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statue and a call for their protection." Id. at 1335. Minor's allegations here meet the standard we have articulated to the extent required to survive a motion to dismiss. The facts as alleged in her complaint indicate that Minor expressed her concerns regarding FLSA violations to the chief operating officer of her company in a meeting specifically called for that purpose. Minor also alleges that this executive-level-employee agreed to investigate her claims. At this stage, these allegations are sufficient. We note again that we express no view as to whether Minor should ultimately prevail under the standard we have articulated. We simply hold that, on the facts alleged, her complaint survives a motion to dismiss. In my case, the circumstances are the same, I filed any complaint within the meaning of the FLSA's anti-retaliation provision when I text my supervisor Captain Brodie (who I knew then as Lt. Brodie) that I was taking the matter of my paychecks being late to the EEOC the paychecks being late being closely associated with the FLSA violations giving Captain Brodie (who I knew then as Lt. Brodie) fair notice that a grievance had been lodged and does, or should, reasonably

understand that matter as part of its business concerns. I engaged in protected activity on or about April 2, 2021, by reporting to Defendant my intention of registering a complaint with the US Equal Employment Opportunity Commission that Defendant was paying me all of my paychecks late. See attached copy of text message to Captain Brodie (who I knew then as Lt. Brodie). There was an adverse employment action taken against me, the text message of her response showing that she was going at me for telling them I was going to the EEOC about my pay being late and she was upset and informed me that I was terminated. There was a casual connection between my protected activity and Captain Brodie (who I knew then as Lt. Brodie) terminating me. See attached copy of text messages I text Captain Brodie (who I knew then as Lt. Brodie) and her response to me making my complaint to her about receiving my paychecks late and my intentions on going to the EEOC about it showing the time I text the message and the time she responded being the same day. Based on the evidence there is a reasonable cause to believe Defendant violated my rights under the FLSA's anti-retaliation provision for making my complaint to them that I was going to the EEOC about them giving me my paychecks late. Moreover, see attached copy of the EEOC's Determination on this matter finding that the evidence supports my retaliatory discharge allegation and does not support Respondent's defenses.

Relief seek. For violation of my rights under the Fair Labor Standards Act's anti-retaliation provision 29 U.S.C. 215(a)(3) Judges have long, long ruled that big businesses such as Falu Corporation d/b/a Falu Security cannot violate an employee's right under this provision. EEOC v. Romeo Cmty. Sch., 976 F.2d 985, 989 (6th Cir. 1992) (holding that an employee's complaints to her employer were sufficient to trigger protection of the FLSA's anti retaliation provision without explaining its rationale). Lambert v. Ackerley, 180 F.3d 997 1004 (9th Cir. 1999) (en banc) (finding that section 215(a)(3) covered internal complaints based on its remedial purpose), Valerio v Putnam Assocs., Inc., 173 F.3d 35, 43 (1st Cir. 1999) (By protecting only those employees who kept secret their belief that they were being illegally treated until they filed a legal proceeding, the Act would discourage prior discussion of the matter between employee and employer, and would have the bizarre affect both of discouraging early settlement and

creating an incentive for the employer to fire an employee as soon as possible after learning the employee believed he was being treated illegally."). Hagan v. Echostar Satellite, LLC, 529 F.3d 617, 626 (5th Cir. 2008), (We adopt the majority rule, which allows an informal, internal complaint to constitute protected activity under section 215(a)(3), because it better captures the anti-retaliation goals of the section."). Kasten v. Saint—-Gobain Performance Plastics Corp.,___ U.S.___, 131 S.ct. 1345, 179 L.Ed.2d 379 (2011) holding that intracompany complaints are protected activity within the meaning of section 215(a)(3). Minor v Bostwick Labs, Inc, 669 F.3d 428 (4th Cir. 2012) (Holding that intracompany complaints may constitute protected activity within the meaning of section 215(a)(3)). Even in the face of all these Judges' and courts' rulings including a United States Supreme Court Judge the penalties for violating an employee's right under the Fair Labor Standards Act 29 U.S.C. Section 215(a)(3) anti-retaliation provision are simply not high enough to demand compliance. Big companies such as Falu Corporation d/b/a Falu Security find it more profitable in violating the employee's right under 29 U.S.C. Section 215(a)(3) anti-retaliation provision than paying the penalties for the violation. Here, with Falu Corporation d/b/a Falu Security this fact is proven to be so true. Falu Corporation d/b/a Falu Security makes around and about 5.4million dollars a year today's penalties of the hundred thousands is just not enough for him. Not only did Falu Corporation d/b/a Falu Security violate my rights under the 29 U.S.C. Section 215(a)(3) anti-retaliation provision but he also decided he would violate my rights under Title VII retaliation of the Civil Rights of 1964 anti-retaliation provision retaliating against me by terminating me for informing him that I was going to the EEOC about my pay being late. Not only was Falu Corporation d/b/a Falu Security not going to pay me on time but terminated me for giving him fair notice I was going to the EEOC about it. Doesn't seem like Falu Corporation d/b/a Falu Security is worried about the amount of money these big companies such as Falu Corporation d/b/a Falu Security have to pay for violating my right under the 29 U.S.C. Section 215(a)(3) anti-retaliation provision. Add that to fact that the evidence clearly shows that Falu Corporation d/b/a  Falu Security willfully and intentionally violated my rights under the 29 U.S.C. Section 215(a)(3) anti-retaliation provision it

only solidifies that Falu Corporation d/b/a Falu Security is not worried about the amount of money these big companies such as Falu Corporation d/b/a Falu Security has to pay for violating my rights under the 29 U.S.C. Section 215(a)(3) anti -retaliation provision. The only way for Judges and the courts to demand compliance from these big companies such as Falu corporation d/b/a Falu Security is to make the penalties for violating an employee's rights under the 29 U,S,C, Section 215(a)(3) anti-retaliation provision even higher. After making my complaint to Captain Brodie (who I knew then as Lt. Brodie) that I was going to the EEOC about my pay being late Captain Brodie (who I knew then as Lt. Brodie) texted me back, going at me for telling them I was going to the EEOC about my pay being late. She was upset and informed me that I was terminated. Chief Knight tried to use a pretext as to why I was terminated that the PPSB security license place had denied my security license to bely that I was terminated because I was going to the EEOC about my pay being late. The humiliation and anxiety of not having a job and trying to find another job to meet my bills and eat leaving me with a feeling of depression relief seek five point four million dollars in collateral damages that's what he makes in one year maybe a year of what he makes could finally demand that he comply with the Judges and courts not to violate a person's right under the 29 U.S.C. Section 215(a)(3) anti-retaliation provision. And because the violation of my rights under the 29 U.S.C. Section 215(a)(3) anti-retaliation provision was willful and intentional five point four million dollars in punitive damages.

Clinton Brinson

I certify that on _11 09 22_    I mailed a copy of the following
document to the arties listed below.

Clerk of Court,
310 New Bern Ave#174
Raleigh NC, 27601

Hector Falu Mahammad
Falu Corporation d/b/a Falu Security
1100 Peachtree St, Ne, Ste 200
Atlanta, GA 30309

Clinton Brinson