# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| CLINTON BRINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **CASE NO.: 5:22-cv-00419-FL** |
| | ) |
| FALU CORPORATION d/b/a FALU SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW DEFENDANT, FALU CORPORATION d/b/a FALU SECURITY, by and through the undersigned counsel and answers or responds to the Amended Complaint filed on or about 30 December 2022, as follows:[1]

1. Defendant admits that Plaintiff filed the above-entitled Complaint but denies that it violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for making a claim with the EEOC. All other allegations contained in Paragraph 1 are expressly denied.

2. Defendant admits that Plaintiff was hired probationally subject to meeting certain criteria and completing certain training necessary for the position offered of "armed security guard." All other allegations contained in Paragraph 2 are expressly denied.

3. Defendant admits that checks may have been received by Plaintiff late and that Plaintiff sent at least one text message to a company employee that he was going to take the matter to the EEOC. All other allegations contained in Paragraph 3 are expressly denied.

---

[1] Defendant Answer's the Complaint by responding to each sentence in the Complaint as if it were a numbered paragraph as required by the Federal Rules of Civil Procedure.

4. Defendant admits that Lieutenant Brodie received a text from Plaintiff and that Plaintiff was terminated. All other allegations contained in Paragraph 4 are expressly denied.

5. The text messages speak for themselves. All other allegations contained in Paragraph 5 are expressly denied.

6. The text messages speak for themselves. All other allegations contained in Paragraph 6 are expressly denied.

7. Admitted.

8. Defendant admits that with the assistance of Plaintiff it caused an application for an armed security guard to be submitted to the Private Protection Services Board for a license for Plaintiff to work with it and paid for and sent Plaintiff to training for the armed security guard position. All other allegations contained in Paragraph 8 are expressly denied.

9. Defendant denies the allegations contained in Paragraph 10, in that it would not have submitted the application or permitted Plaintiff to attend the training, which it paid at its expense had it known Plaintiff was a convicted felony who could not by law obtain an armed security guard license. All other allegations contained in Paragraph 9 are expressly denied.

10. The email of Paul Sherwin referenced by Plaintiff speaks for itself. All other allegations contained in Paragraph 10 are expressly denied.

11. The email of Paul Sherwin referenced by Plaintiff speaks for itself. All other allegations contained in Paragraph 11 are expressly denied.

12. Defendant admits that Chief Knight never submitted an application for Plaintiff to Paul Sherwin of the NCDPS or thee Private Protection Services Board for s position for an

unarmed security guard. All other allegations contained in Paragraph 12 are expressly denied.

13. Denied as Paragraph 13 calls for a legal conclusion All other allegations contained in Paragraph 13 are expressly denied.

14. The determination of EEOC speaks for itself. All other allegations contained in Paragraph 14 are expressly denied.

15. The attached copy of the EEOC determination paragraph 4 speaks for itself. All other allegations contained in Paragraph 15 are expressly denied.

16. Denied, as Paragraph 16 calls for a legal conclusion. All other allegations contained in Paragraph 16 are expressly denied.

17. The holding of <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 648 U.S. 53 (2006) speaks for itself. All other allegations contained in Paragraph 17 are expressly denied.

18. Paragraph 18 requires no response but in an abundance of caution is expressly denied.

19. Paragraph 19 requires no response but in an abundance of caution is expressly denied.

20. Paragraph 20 requires no response but in an abundance of caution is expressly denied.

21. Paragraph 21 referencing <u>Hubbell v. FedEx SmartPost, Inc.</u>, No. 1801727 (6th Cir. 2019), requires no response but in an abundance of caution is expressly denied

22. Paragraph 22 regarding Sheryl Hubbell's alleged actions requires no response but in an abundance of caution is expressly denied.

23. Paragraph 23 regarding Sheryl Hubbell's alleged actions requires no response but in an abundance of caution is expressly denied.

24. Paragraph 24 regarding Sheryl Hubbell's district court victory and jury award requires no response but in an abundance of caution is expressly denied.

25. Paragraph 25 regarding FedEx's appeal requires no response but in an abundance of caution is expressly denied.

26. Paragraph 26 calls for a conclusion of law and is therefore expressly denied.

27. The holding of <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 648 U.S. 53 (2006) speaks for itself. All other allegations contained in Paragraph 27 are expressly denied.

28. Paragraph 28 regarding FedEx's argument on appeal requires no response but in an abundance of caution is expressly denied.

29. Paragraph 29 regarding FedEx's argument on appeal requires no response but in an abundance of caution is expressly denied.

30. Paragraph 30 referencing <u>Hubbell v. FedEx SmartPost, Inc.</u>, No. 1801727 (6th Cir. 2019), requires no response but in an abundance of caution is expressly denied

31. Paragraph 31 regarding the "definition of adverse employment" requires no response but in an abundance of caution is expressly denied.

32. Paragraph 32 referencing <u>Hubbell v. FedEx SmartPost, Inc.</u>, No. 1801727 (6th Cir. 2019), requires no response but in an abundance of caution is expressly denied

33. Paragraph 33 referencing the "Sixth Circuit's" opinion requires no response but in an abundance of caution is expressly denied

34. Paragraph 34 referencing the Sixth Circuit's opinion regarding "evidence" requires no response but in an abundance of caution is expressly denied

35. Paragraph 35 referencing Hubbell's supervisor's actions requires no response but in an abundance of caution is expressly denied.

36. Paragraph 36 referencing the Sixth Circuit's affirmation of the jury award in Hubbell requires no response but in an abundance of caution is expressly denied

37. The cited case in Paragraph 37 speak for themselves but in an abundance of caution are expressly denied.

38. Paragraph 38 referencing the Gill case requires no response but in an abundance of caution is expressly denied

39. Paragraph 39 referencing the Gill case regarding racial epithets requires no response but in an abundance of caution is expressly denied

40. Paragraph 40 referencing the Gill case regarding a "noose" requires no response but in an abundance of caution is expressly denied

41. Paragraph 41 referencing the Gill case regarding "hang[in]" requires no response but in an abundance of caution is expressly denied

42. Paragraph 42 referencing the Gill case regarding being the "coon in their coon hunt" requires no response but in an abundance of caution is expressly denied

43. Paragraph 43 referencing the Gill case regarding Floyd's testimony requires no response but in an abundance of caution is expressly denied

44. Paragraph 44 referencing the Gill case regarding Floyd's testimony that he was the only black when hired requires no response but in an abundance of caution is expressly denied

45. Paragraph 45 referencing the Gill case regarding Floyd's testimony about being the "token black" requires no response but in an abundance of caution is expressly denied

46. Paragraph 46 referencing the Gill case regarding Floyd's testimony regarding a noose requires no response but in an abundance of caution is expressly denied.

47. Paragraph 47 referencing the Gill case regarding Floyd's and Gill's complaints requires no response but in an abundance of caution is expressly denied.

48. Paragraph 48 referencing the Gill case regarding Gill's intervention in the EEOC claim requires no response but in an abundance of caution is expressly denied.

49. Paragraph 49 referencing the Gill case regarding a Winston-Salem's jury's findings requires no response but in an abundance of caution is expressly denied.

50. Paragraph 50 referencing the Gill case regarding Floyd's damages requires no response but in an abundance of caution is expressly denied.

51. Paragraph 51 referencing the Gill case regarding A.C. Widenhouse's discrimination requires no response but in an abundance of caution is expressly denied.

52. Paragraph 52 referencing the Gill case regarding A.C. Widenhouse's anti-discrimination requires no response but in an abundance of caution is expressly denied.

53. Paragraph 53 referencing the Gill case regarding A.C. Widenhouse's appeal to the U.S. Fourth Circuit of Appeals requires no response but in an abundance of caution is expressly denied.

54. Paragraph 54 referencing the Gill case regarding the U.S. Fourth Circuit of Appeals rejection of A.C. Widenhouse's errors on appeal requires no response but in an abundance of caution is expressly denied.

55. Paragraph 55 referencing the Gill case regarding the U.S. Fourth Circuit of Appeals rejection of A.C. Widenhouse's errors on appeal requires no response but in an abundance of caution is expressly denied.

56. Paragraph 56 calls for a legal conclusion and requires no response but in an abundance of caution is expressly denied.

57. As previously stated "Captain Brodie's" text message speaks for itself and requires no response, but in an abundance of caution Paragraph 57 is expressly denied.

58. As previously stated "Captain Brodie's" text message speaks for itself and requires no response, but in an abundance of caution Paragraph 58 is expressly denied.

59. Paragraph 59 calls for a legal conclusion and as such requires no response but in an abundance of caution Paragraph 59 is expressly denied.

60. Defendant admits that Plaintiff was terminated and denies that it was related to his assertion of a "protected activity." All other allegations contained in Paragraph 60 are expressly denied.

61. Defendant denies that there is a causal connection between his protected activity and Defendant's termination of him. All other allegations contained in Paragraph 61 are expressly denied.

62. As previously stated "Captain Brodie's" text message speaks for itself and requires no response, but in an abundance of caution Paragraph 62 is expressly denied.

63. Defendant expressly denies that reasonable cause exists to believe that Plaintiff's rights under Title VII of the Civil Rights Act of 1964 retaliatory provision were denied based upon his complaint to the EEOC. All other allegations contained in Paragraph 63 are expressly denied.

64. As previously stated the EEOC's determination speaks for itself and requires no response, but in an abundance of caution Paragraph 64 is expressly denied.

## "RELIEF SEEK" [SOUGHT][2]

Defendant moves the Court to deny all the relief sought by Plaintiff in his Amended Complaint, including but not limited Plaintiff's demand for punitive damages. ECF Doc. No. 8 at pages 6-8. Defendant further moves this Court to award it reasonable costs and attorney's fees as provided for by statute for the defense of this matter. Defendant finally moves this Court to dismiss this matter with prejudice and order such further and other relief this Court deems just and proper.

## MOTION TO AMEND COMPLAINT

To the extent that Plaintiff's Motion to Amend the Complaint is incorporated into the Amended Complaint filed on 30 December 2022 in ECF Doc.8 at pages 9-16, Defendant expressly denies each and every allegation contained therein, included but not limited to any alleged violation of the Fair Labor Standards Act (FLSA).

## JURY DEMAND

Defendant hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

---

[2] Defendant assumes that the "Relief seek" portion of Plaintiff's Amended Complaint is the same as the "Wherefore" clause in a typical complaint and therefore does not require a response to statement made therein. However, in an abundance of caution, Defendant herein denies each and every allegation, legal conclusion, and/or request for relief sought by Plaintiff therein.

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Fourth Affirmative Defense

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

### Fifth Affirmative Defense

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Seventh Affirmative Defense

In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

### Eight Affirmative Defense

To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the North Carolina and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of North Carolina.

### Ninth Affirmative Defense

Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### Tenth Affirmative Defense

Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Eleventh Affirmative Defense

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twelfth Affirmative Defense

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked.

### Thirteenth Affirmative Defense

Without assuming the burden of proof, Defendant substantially complied with all recordkeeping requirements of the FLSA.

### Fourteenth Affirmative Defense

Plaintiff has failed to mitigate his alleged damages.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Seventeenth Affirmative Defense

Plaintiff has failed to exhaust administrative remedies.

### Eighteenth Affirmative Defense

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Nineteenth Affirmative Defense

Intervening and superseding actions of another, the U.S. Postal Service, precluded Plaintiff from timely receiving his paychecks.

### Twentieth Affirmative Defense

Failure to join a necessary party, the U.S. Postal Service, as Plaintiff check was mailed at or/about the same time as all other employees who preferred to receive their paychecks by U.S. Mail and Plaintiff has failed to join the U.S. Postal Service consistent with Federal Rule of Civil Procedure 12(b)(7).

### Twenty First Affirmative Defense

Assumption of the Risk by Plaintiff, as Plaintiff provided a mailing address that was inaccurate or undeliverable to Defendant, and as such assumed the risk of late and/or untimely delivery.

### Twenty Second Affirmative Defense

All actions taken by Defendant with respect to Plaintiff were supported by legitimate business reasons, as Plaintiff was terminated for a non-retaliatory reason i.e., he could not lawfully perform the job for which he was hired that of an armed security guard because of his prior felony convictions.

### Twenty Third Affirmative Defense

Plaintiff's participation in a protected activity, making an EEOC Compliant was not the basis for his alleged adverse action, termination, taken by Defendant such that it serves as the "but for" cause for his termination, which was based upon Plaintiff's inability to lawfully perform the job for which he was hired that of an armed security guard because of his prior felony convictions.

### Twenty Fourth Affirmative Defense

Plaintiff's Complaint fails to follow the Rules of Court as stated in Federal Rule of Civil Procedure 10(b), which requires that a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff's Complaint further fails to comply with Local Civil Rule 10(a), with respect to double-spacing, 10(f), with respect to email address and telephone number, and 10(j), with respect to pagination. Plaintiff's Complaint must be dismissed or in the alternative amended to comply with Federal Rule of Civil Procedure 10(b) and Local Civil Rule 10(a)(f) and (j).

### Twenty Fifth Affirmative Defense

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

This the 6th day of February, 2023.

Respectfully submitted,

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**

/s/Stephon J. Bowens
Stephon J. Bowens, Esq.
North Carolina State Bar No. 20876
5500 McNeely Drive, Suite 101
Raleigh, NC 27612
(919) 741-6798
(888) 686-0456 Fax
stephon@wbaalaw.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

This is to certify that the foregoing Answer was served on the opposing party this day by filing electronically with the Clerk of the Court using the CM/ECF and depositing a copy of the same in the United States mail, postage prepaid, and properly addressed as follows:

12

Case 5:22-cv-00419-FL   Document 11   Filed 02/06/23   Page 12 of 13

Clinton Brinson, Pro Se Plaintiff.
3520 Maitland Drive, No. 315
Raleigh, North Carolina 27610

This the 6th day of February, 2023.

/s/Stephon J. Bowens
Stephon J. Bowens, Esq.
North Carolina State Bar No. 20876
**Wallis, Bowens, Averhart & Associates, PLLC**
5500 McNeely Drive, Suite 101
Raleigh, NC 27612
(919) 741-6798
(888) 686-0456 Fax
stephon@wbaalaw.com

*Attorneys for Defendant*