# IN THE UNITED STATES DISTRIT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

CLINTON BRINSON,          )
                           )
      Plaintiff,        )
                           )
      v.              )     **CASE NO.: 5:22-cv-00419-FL**
                           )
FALU CORPORATION d/b/a FALU    )
SECURITY,               )
                           )
      Defendant.     }

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

**COMES NOW**, Defendant Falu Corporation d/b/a Falu Security ("Defendant"), by and through the undersigned counsel, moves the Court to deny Plaintiff's Motion for Leave to Amend his First Amended Complaint by filing a Second Amended Complaint. Defendant shows unto the Court the following in support of its opposition to said motion:

### STATEMENT OF THE CASE

On 17 October 2022, Plaintiff filed his Original Complaint. (Doc. 1). On 30 December 2022, Plaintiff's First Amended Complaint was accepted by the Court. (Doc. 8).On 6 February 2023, Defendant filed its Answer. (Doc. 11). On 21 April 2023, the Court entered a Case Management Order. (Doc. 24). The Case Management Order permitted amendments through 15 June 2023.

### ARGUMENT

#### I.      VIOLTION OF FEDERAL PLEADING STANDARDS

The Court may deny an amendment to a complaint when the plaintiff has failed to comply with the federal pleading standards. See, *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896

F.3d 278, 290-291 (4th Cir. 2018) (holding, "[o]n this record, we decline to invent an argument in support of Appellants' complaints. The district court could not have been more clear that Appellants' failure to satisfy federal pleading standards constituted an independent basis for dismissal."). Although the court in that case was referring to the failure of plaintiff to timely amend the complaint, the essential rule remains the same. Defendant has affirmatively pled as a defense Plaintiff's failure to follow both the federal and local rules of procedure in the Original Complaint and the subsequent, First Amended Complaint. Allowing the Plaintiff to correct these substantive procedure errors would adversely effect Defendant. The Court should not allow Plaintiff a third bite at the apple. In Defendant's Answer it noted in its Twenty Fourth Affirmative Defense that Plaintiff failed to comply with Federal Ruel of Civil Procedure 10(b), which states:

> PARAGRAPHS; SEPARATE STATEMENTS. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

While Defendant is well aware that courts generally do not like to place form over substance, the fact that this was not the only violation of the rules tends to militate toward denial of the motion to amend. Not only has Plaintiff in the instant case violated the Federal Rules of Civil Procedure, but the Plaintiff has violated the Local Rules for Civil Procedure. Again, as noted in Defendant's Answer, Plaintiff has violated Local Rules of Civil Procedure 10(a), 10(f), and 10(j), respectively, which require double-spacing, email address and telephone number presentment, and pagination. Allowing amendment without sanction after Defendant has filed an Answer seeking dismissal of the Complaint for failure to follow the rules of Court, not once in the Original Complaint, but twice with the First Amended Complaint, would prejudice Defendant.

See, *HCMF Corp., v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (holding that denial of an amendment should be granted "only when the amendment would be prejudicial to the opposing party."). In the present case, Plaintiff made the determination to file the Original Complaint and First Amended Complaint without legal counsel and the Defendant should not be prejudiced by Plaintiff's failure to know and/or follow the rules of court. The Plaintiff had sufficient time to obtain legal counsel familiar with the rules of court and failed to timely do so. The fact that Plaintiff was not familiar with the rules of court should not be held against Defendant who filed his pleadings consistent with the rules.

## II.     PLAINTIFF IMPERMISSIBLY RE-WRITES THE ENTIRE COMPLAINT

Similarly, Plaintiff attempts to re-write the entire First Amended Complaint in the proposed Second Amended Complaint. In fact, Plaintiff's proposed Second Amended Complaint is so much of a re-write that nothing of the First Amended Complaint survives except the names of the parties. Allowing such a wholesale revision of the First Amended Complaint would be prejudicial to the Defendant and as such should be denied.

## III.     THE STATE WAGE AND HOUR ACT CLAIM SHOULD BE DENIED

Finally, the North Carolina Wage and Hour Act Claim, under Count Three of the proposed Second Amended Complaint should be denied as an amendment. In *HCMF Corp.,* the court also held that a motion to amend should be denied where "the amendment would be futile. *HCMF Corp., v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001). In the present case, Plaintiff's claim pursuant to North Carolina General Statute Section 95-25.22(a1), (d), et seq., are barred by the two year statute of limitation imposed in North Carolina General Statute 95-25.22(f), which states:

Actions under this section **must be brought within two years pursuant to G.S. 1-53**. (emphasis added).

The North Carolina Wage and Hour Act is a separate and distinct state law claim that is not dependent upon a right to sue letter being issued by the EEOC. The state law based Wage and Hour Act Claim can be initiated by filing a complaint with the North Carolina Department of Labor or in state court within the two year statute of limitation period. The proposed Second Amended Complaint seeks to address claims occurring between January of 2021 and March of 2021. See, (Doc. 26, #2 Exhibit B at ¶39). Paragraph 39 of the proposed Second Amended Complaint on its face states that the last alleged act complained of by Plaintiff occurred in late March of 2021. Plaintiff seeks to circumvent the statute of limitations in this case by attempting to get the court to accept a wholesale amendment to the First Amended Complaint. The fact that the statute of limitation ran on Plaintiff's proposed Wage and Hour Claim, at the latest on 31 March 2021, is in and of itself sufficient cause for the Court to deny the addition of this claim due to futility, as it goes without saying that Defendant has raised the statute of limitation previously. Judicial economy serves as a sound basis to deny the amendment of the North Carolina Wage and Hour Act Claim contained in the proposed Second Amended Complaint.

Moreover, allowing the Wage and Hour Act Claim stated in the proposed Second Amended Complaint would be detrimental to Defendant. The facts alleged in the Original Complaint and the First Amended Complaint do not give rise to a claim for a claim of violation of the Fair Labor Standards Act or the North Carolina Wage and Hour Act for failure to pay wages on the date due. Plaintiff does not allege a violation of the Fair Labor Standards Act in the Original Complaint at all. Rather, he alleges a claim under Title VII's "anti-retaliation" provisions and merely notes that the delay in payment of wages and complains about the same giving rise to the "Title VII anti-retaliation" claim. (Doc. 1). Similarly, the First Amended

Complaint states specifically that Plaintiff's claims under the Fair Labor Standards Act is a result of the "anti-retaliation" provision found at "29 U.S.C. Section 215(a)(3)," (Doc. 5). The gravamen of the relation back doctrine under Federal Rule of Civil Procedure 15(c) is that relation back must arise from a common nucleus of facts. The common nucleus of facts alleged by Plaintiff in the prior two Complaints is "anti-retaliation." While Plaintiff alleges that his complaint about the delay in timely wage payment was the catalyst for his "anti-retaliation" claims alleged in both the Original Complaint and First Amended Complaint, neither Complaint satisfy the standards of pleading a wage and hour claim or even putting Defendant on reasonable notice that such a claim might be sought. See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that the pleading requirement for federal civil cases require plaintiffs to include enough facts in their complaint to make it plausible, not merely possible or conceivable, that they will be able to prove facts to support their claims.). Neither of the two prior Complaints provide specific facts regarding the alleged dates of the alleged wage and hour claim because it was not germane to the "anti-retaliation" claims being brought by Plaintiff under "Title VII of the Civil Rights Act of 1964" or the "Fair Labor Standards Act found at 29 .U.S.C. Section 215(a)(3)." Specific time frames are only plead in the proposed Second Amended Complaint, which allege acts that are time barred by the state statute of limitations. Taken to its natural conclusion, any alleged fact stated by a plaintiff in a prior complaint could relate back under Federal Rule of Civil Procedure 15(c) to a potential claim such that an amendment could be granted for the addition of an ancillary state claim. That cannot be the case. Defendant will be prejudiced by allowing Plaintiff to bring this state claim, the North Carolina Wage and Hour Act Claim, outside of the statute of limitations, when no such analogous claim was made under the Fair Labor Standards Act or Title VII of the Civil Right Act of 1964. Defendant would be prejudiced

by the wholesale addition of new facts pled in the proposed Second Amended Complaint, including but not limited to the thread bare allegation that wages were not paid timely, which was not pled with any specificity in the prior two filed Complaints, or noticed as a potential claim. The proposed Second Amended Complaint with respect to Count Three, the North Carolina Wage and Hour Act Claim, should be stricken and/or denied amendment in its entirety.

**CONCLUSION**

For the foregoing reasons Defendant opposes Plaintiff's Motion for Leave to Amend the First Amended Complaint and requests that this Court deny the same in its entirety or at a minimum with respect to the Wage and Hour Claim in the proposed Second Amended Complaint.

This the 31st day of May, 2023.

/s/Stephon J. Bowens
Stephon J. Bowens
N.C. State Bar No.20876
**Wallis, Bowens, Averhart & Associates, PLLC**
5500 McNeely Drive, Suite 101
Raleigh, North Carolina 27612
(919) 741-6798 Office
(919) 783-0333 Fax
stephon@wbaalaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

he undersigned does hereby certify that a copy of the foregoing Defendant's Response to

Plaintiff's Motion for Leave to Amend was served on all parties and/or counsel of record by

filing electronically with the Clerk of the Court using the CM/ECF and depositing a copy of the

same in the United States mail, postage prepaid, and properly addressed as follows:

MaryAnne M. Hamilton, Esq.
Post Office Box 6340
Raleigh, North Carolina 27628
maryanne@millerlawgroup.com

*Attorneys for Plaintiff*

This the 31st day of May, 2023..

/s/Stephon J. Bowens
Stephon J. Bowens
N.C. State Bar No.20876
**Wallis, Bowens, Averhart & Associates, PLLC**
5500 McNeely Drive, Suite 101
Raleigh, North Carolina 27612
(919) 741-6798 Office
(919) 783-0333 Fax
stephon@wbaalaw.com

*Attorneys for Defendant*