IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-419-FL

| | | |
|---|---|---|
| CLINTON BRINSON<br><br>Plaintiff,<br><br>v.<br><br>FALU CORPORATION d/b/a FALU SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on plaintiff's second motion for leave to amend the complaint. (DE 26). Also pending is plaintiff's "motion to have this case set for trial." (DE 34). Both motions are ripe for ruling. For the following reasons, the motion for leave to amend complaint is granted in part and denied in part, and the motion to have the case set for trial is denied as untimely.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action October 17, 2022, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint relying on copies of text messages, emails, a determination by the Equal Employment Opportunity Commission ("EEOC") dated August 24, 2022, and a charge of discrimination dated April 21, 2021. Plaintiff filed a motion to amend his complaint November 16, 2022.

By order and memorandum and recommendation ("M&R"), Magistrate Judge Robert B. Jones, Jr. granted the motion to amend, allowed plaintiff to proceed in forma pauperis, and, on

frivolity review, considering plaintiff's complaint and all documents theretofore filed by him, construed the amended complaint as alleging claims for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) ("FLSA") and allowed the case to proceed without dismissing any claims.

Defendant answered the complaint February 6, 2023. Plaintiff filed a response to defendant's answer, and defendant moved to strike. On April 21, 2023, the court entered case management order, setting in relevant part a deadline of June 15, 2023, to amend the complaint and denied defendant's motion to strike. On April 24, 2023, counsel for the plaintiff entered notice of appearance, and on May 22, 2023, the instant motion to amend followed, which also added claims for failure to pay wages on time under the North Carolina Wage and Hour Act, N.C.G.S. §95-22(a) et seq. ("NCWHA"), for wrongful termination in violation of public policy under North Carolina common law, and for punitive damages under North Carolina state law. Defendant responded in opposition.

The parties' chosen mediator was appointed June 6, 2023, and a settlement process followed, however, counsel for the plaintiff thereafter withdrew from representation. Plaintiff, again pro se, filed the instant motion to have the case set for trial. Defendant did not file a response.

## STATEMENT OF FACTS

The relevant facts may be summarized as follows. Defendant hired plaintiff to work as an unarmed security guard in December 2020, and plaintiff began work in January 2021. ("Compl. ¶ 11).[1] Plaintiff's paychecks arrived late "from the beginning," (id. ¶ 17), and defendant "did not offer any kind of bank transfer or direct deposit system." (Id. ¶ 16). On April 2, 2021, plaintiff texted a member of defendant's staff, Lt. Brodie ("Brodie") "to tell him his paycheck was again

[1] Hereinafter, all references to the complaint ("compl.") are to the proposed amended complaint at DE 26-2.

late by approximately a week," and indicated that he would be reporting the matter to the EEOC. (Id. ¶¶ 26-28). Brodie responded by terminating plaintiff. (See id. ¶ 29).

Plaintiff subsequently filed a complaint with the EEOC, who determined that the evidence supported plaintiff's allegations and did not support defendant's defenses. (Id. ¶¶ 30-31). "After [defendant] declined to engage in conciliation, the EEOC issued a Right to Sue letter." (Id. ¶ 32).

## COURT'S DISCUSSION

A. Motion to Amend

1. Standard of Review

"Once the defendant files a responsive pleading, . . . the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, but [Federal Rule of Civil Procedure] 15(a) directs that leave to amend shall be freely given when justice so requires."[2] Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006); Fed. R. Civ. Pro. 15(a)(2). Leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment [is] futile." Id.

2. Analysis

a. Violation of Federal Pleading Standards

Defendant argues that leave to amend should be denied with respect to the entire complaint where plaintiff did not comply with certain federal pleading standards while pro se. The court disagrees.

Defendant faults plaintiff for failing to follow Federal Rule of Civil Procedure 10(b), which states that a party should number its paragraphs and limit each paragraph "as far as practicable to a single set of circumstances," and certain sections of Local Rule of Civil Procedure 10, which

[2] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

require double spacing, pagination, and an email address and telephone number. These deficiencies, which are present in the first two complaints but absent from the proposed amended complaint, occurred while plaintiff was pro se. Defendant also states that allowing "wholesale revision" of the complaint would be prejudicial to without explaining whence the asserted prejudice would stem.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Defendant's two positions, the formatting deficiencies in plaintiff's first two complaints present risk of unfair prejudice, but that plaintiff should not be allowed to correct those deficiencies, are mutually exclusive. The proposed amended complaint presents the same substantive factual allegations as the first two complaints, but in clear, concise, and chronological numbered paragraphs. It omits lengthy summaries of precedent, which were present in the first two complaints but are inappropriate in that type of filing. In light of defendant's failure to give any reason why amendment would result in unfair prejudice, and mindful that the Rules of Civil Procedure "should be construed, administered, and employed" to "secure the just, speedy, and inexpensive determination of every action and proceeding," the court declines to deny the motion based on formatting errors made by a plaintiff proceeding pro se Fed. R. Civ. Proc. 1.

b. Timeliness of the State Wage and Hour Act Claim

Defendant argues that leave to amend with respect to plaintiff's claim under the North Carolina Wage and Hour Act ("NCWHA") should be denied where that claim is untimely. The court agrees.

"A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep' t of Transportation, 914 F.3d 213, 228 (4th Cir. 2019). A court may properly consider a statute of limitations defense at the motion to dismiss state only if "the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005). The statute of limitations for claims under the NCWHA is two years. See N.C.G.S. § 95-22(f).

Plaintiff began work January 15, 2021, (see compl. ¶ 15) and was terminated April 2, 2021, (compl. ¶ 26), therefore the latest possible accrual date is April 2, 2021. The limitations period therefore expired April 2, 2023. The proposed amended complaint was not filed until May 22, 2023. Therefore, plaintiff's claim under the NCWHA is futile as untimely where it is barred by the statute of limitations. Plaintiff makes no argument challenging this conclusion, and the court's own research did not reveal any grounds for disagreement. Thus, that part of plaintiff's motion to amend seeking to add a NCWHA claim is denied.

B. Motion to Have the Case Set for Trial

Plaintiff moves to have the case set for trial, stating that he is ready to proceed. This case, however, is not ripe for trial where the amended complaint supersedes the original.

As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case"). In addition, the defendant must serve an answer to each complaint filed in an action. See Fed. R. Civ. Proc. 12(a).

Before this case may be set for trial, defendant must answer the amended complaint. The parties may also need to undertake discovery on the state law claims raised. See Fed. Rs. Civ. Proc. 26-37. Plaintiff's motion therefore is untimely and, accordingly, is denied.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to amend (DE 26) is GRANTED IN PART and DENIED IN PART as set forth herein. That part of plaintiff's motion seeking to add a NCWHA claim is denied. In remaining part, plaintiff's motion is granted, and plaintiff's claims for failure to pay wages on time under the Fair Labor Standards Act, retaliatory discharge under Title VII of the Civil Rights Act of 1964, wrongful termination in violation of public policy under North Carolina common law, and for punitive damages may proceed. Plaintiff's motion to set the case for trial (DE 34) is DENIED. The clerk is directed to file docket entry 26-2 as plaintiff's amended complaint. Defendant shall file answer or other responsive pleading to those portions of the amended complaint relevant to plaintiff's claims for failure to pay wages on time under the Fair Labor Standards Act, retaliatory discharge under Title VII of the Civil Rights Act of 1964, wrongful termination in violation of public policy under North Carolina common law, and for punitive damages within fourteen days of entry of this order.

SO ORDERED, this the 29th day of December, 2023.

LOUISE W. FLANAGAN
United States District Judge