IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-419-FL

| | | |
|---|---|---|
| CLINTON BRINSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| FALU CORPORATION d/b/a FALU SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (DE 38). The issues presented are ripe for ruling. For the reasons that follow, plaintiff's motion is granted in part and denied in part without prejudice.

## BACKGROUND

This court's order entered December 29, 2023, allowed plaintiff to file second amended complaint in this matter and directed defendant "to file answer or other responsive pleading to those portions of the amended complaint relevant to plaintiff's claims for failure to pay wages on time under the Fair Labor Standards Act, retaliatory discharge under Title VII of the Civil Rights Act of 1964, wrongful termination in violation of public policy under North Carolina common law, and for punitive damages within fourteen days[.]" (DE 36 at 6). On February 5, 2024, with no filing having been made by defendant since such order was entered, the court directed defendant "to show cause, within 14 days . . . why entry of default should not be entered against it on the basis of plaintiff's second amended complaint," pursuant to Fed. R. Civ. P. 55(a). No filing was made by defendant, and plaintiff filed the instant motion on February 26, 2024.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the process for obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 (3d ed.). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed.R.Civ.P. 55(a). After the clerk has entered default against a party, the plaintiff may then move the court for default judgment. Fed.R.Civ.P. 55(b).

Further, a plaintiff is "required to prove [his] claim for damages by a preponderance of evidence" following entry of default and before entry of default judgment. Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 252 (4th Cir. 1967); see, e.g., Int'l Painters and Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co., 919 F. Supp. 2d 680, 687-89 (D. Md. 2013) (calculating damages based on affidavits, bills, and other documents submitted by plaintiff); ME2 Productions, Inc. v. Ahmed, 289 F. Supp. 3d 760, 763-64 (W.D. Va. 2018) (setting damages at the minimum statutory award where plaintiff had not "provide[d] any evidence as to the actual losses [it] sustained"); J & J Sports Productions, Inc. v. Romenski, 845 F. Supp. 2d 703, 707 (W.D.N.C. 2012) (basing an award on "the $1,200 program fee plaintiff charged establishments of defendants' size).

Here, plaintiff's motion is captioned as one seeking default judgment. As default has not been entered yet against defendant and default judgment in this posture is premature, the court construes plaintiff's motion as one for entry of default pursuant to Rule 55(a). Where defendant has failed to respond to this court's February 5, 2024, order, it is in default pursuant to Rule 55(a), and the clerk is DIRECTED to enter default against defendant.

2

Consideration of default judgment is premature at this time. Plaintiff is instructed that a motion for default judgment must be filed separately along with proof of damages.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is GRANTED IN PART to the extent he seeks entry of default and DENIED IN PART WITHOUT PREJUDICE as premature to the extent he seeks default judgment. (DE 38). Plaintiff may file a renewed motion for entry of default judgment on or before **March 22, 2024**, in accordance with the instructions set forth herein. The clerk is DIRECTED to enter default against defendant.

SO ORDERED, this the 29th day of February, 2024.

LOUISE W. FLANAGAN
United States District Judge