IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-419-FL

| | | |
|---|---|---|
| CLINTON BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FALU CORPORATION d/b/a FALU SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

This matter comes before the court following continuance of August 5, 2024, hearing at New Bern on defendant's motion to set aside entry of default (DE 42) and plaintiff's motion for default judgment (DE 44), due to plaintiff's transportation issues.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action October 17, 2022, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint relying on copies of text messages, emails, a determination by the Equal Employment Opportunity Commission ("EEOC") dated August 24, 2022, and a charge of discrimination dated April 21, 2021. Plaintiff filed motion to amend his complaint November 16, 2022.

By order and memorandum and recommendation ("M&R"), Magistrate Judge Robert B. Jones, Jr. granted the motion to amend, allowed plaintiff to proceed in forma pauperis, and, on frivolity review, considering plaintiff's complaint and all documents theretofore filed by him, construed the amended complaint as alleging claims for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) ("FLSA"). The case was allowed to proceed on claims presented.

Accordingly, complaint was filed, summons issued, service accomplished, and on February 6, 2023, answer filed, contemporaneous with notice of appearance of Stephon J. Bowens, counsel for defendant. Two days later, the court's initial order regarding case planning and scheduling issued, mandating that the parties' discovery plan(s) be filed not later than March 18, 2023, which deadline was extended upon defendant's request. Plaintiff filed response to defendant's answer, which defendant sought to strike. Plaintiff also sought entry of default despite fact defendant answered complaint. These quibbling challenges were tossed to the side in order entered April 21, 2023, with emphasis therein on establishment of a schedule for disposition of claims presented.

On April 24, 2023, an attorney entered notice of appearance on behalf of plaintiff, and on May 22, 2023, further motion to amend followed, seeking to add claims for failure to pay wages on time under the North Carolina Wage and Hour Act, N.C.G.S. §95-22(a) et seq. ("NCWHA"), wrongful termination in violation of public policy under North Carolina common law, and punitive damages under North Carolina state law. Defendant responded in opposition.

Meanwhile, on June 6, 2023, an agreed upon mediator was named, William P. Barrett, Esq. However, between filing of the motion for leave to amend May 22, 2024, and entry of order December 29, 2024, on that motion, on September 12, 2023, the court allowed withdrawal of plaintiff's counsel, where it was made to appear some disagreement(s) had intruded into that relationship. Plaintiff again undertook his own representation and throughout the litigation the court notes plaintiff's diligence in providing his address information to the clerk. It does not appear that formal mediation has occurred in the case.

Thereafter plaintiff made his own motion seeking a trial date which sheds some light on his earlier separation from counsel. Plaintiff recited in his October 19, 2023, motion:

2

> I am filing this Motion to have this case I have against Falu Security set for trial. This matter has been going on for over 2 years now and I am ready to put it behind me. I have tried to negotiate with Falu Security for a fair settlement in this matter but Falu Security has gone silent. I know I had a pro bono lawyer come on to assist me in this matter but we disagreed on how the law applies in this case and settlement negotiations and the lawyer withdrew. However, the lawyer withdrawing doesn't slow my position as being ready for trial nor should it slow Falu Security's position as being ready for trial also. Again, the matter has been going on for over 2 years now and I'm ready to put it behind me.
> The Court has allowed me to proceed without pay in this matter and I respectfully ask that the Court please send a copy of this Motion to Falu Security. Thankyou for your time your immediate attention to this matter will be appreciated.

(DE 34 at 1).

In its December 29, 2023, order the court denied that motion as untimely, while granting in part and denying in part plaintiff's motion to amend the complaint. For reasons set forth therein, the court denied that part of plaintiff's motion seeking to add a NCWHA claim. Plaintiff's claims for failure to pay wages on time under the Fair Labor Standards Act, retaliatory discharge under Title VII of the Civil Rights Act of 1964, wrongful termination in violation of public policy under North Carolina common law, and for punitive damages were allowed to proceed.

Upon expiration of the January 12, 2024, deadline for defendant to respond to the second amended complaint, with no filing having been made, the court directed defendant by and through its February 5, 2024, text order to show cause, within 14 days of that order, why entry of default should not be made against it on the basis of plaintiff's second amended complaint. Defendant failed to respond.

On February 26, 2024, plaintiff moved for default judgment, and on February 29, 2024, the court granted in part and denied in part that motion. Specifically, the clerk was directed to enter default against defendant, which action was taken March 4, 2024. Plaintiff's request then

3

also for judgment in his favor was denied for reasons given. However, plaintiff's motion for judgment, supported with proof of damages, was invited to be made on or before March 22, 2024. On March 8, 2024, defendant filed purported answer to the second amended complaint and separately moved to set aside entry of default. On March 11, 2024, plaintiff filed renewed motion for default judgment.

Defendant's effort to postpone the making of any response in opposition to plaintiff's motion for default judgment until after the court decided the motion to set aside entry of default was not well received by the court. Following that March 22, 2024, text order, defendant's response was filed. There the matter sat until plaintiff filed June 5, 2024, his motion for hearing on damages. Reference is made to the court's July 19, 2024, text order for its address of that motion and setting of the August 5, 2024, hearing.

The court also took note of defendant's deficiency in service, ordering defendant to serve upon plaintiff at his address of record its answer to second amended complaint, motion to set aside default, and supporting memorandum, and provide the court with proof, which actions were taken.

Plaintiff appeared August 5, 2024, at the United States District Court at Raleigh, located on New Bern Avenue, which he assumed to be the place of hearing, necessitating his motion to continue, also in light of the fact he has been "been living homeless since March 2023." (DE 50). Plaintiff sought "time to try [to] figure out a way to get to New Bern," or, in the alternative, a transfer of future hearings to Raleigh.

Plaintiff also filed another notice of change of address, indicating that at least as of August 5, 2024, plaintiff again was a resident of 1430 S. Wilmington Street, Raleigh, NC 27603. The court continued hearing and attendant conference pursuant to Rule 16(a), Fed.R.Civ.Pro., off the August 5, 2024, calendar. This order now follows.

4

**COURT'S DISCUSSION**

The court dispenses with any hearing on defendant's motion to set aside entry of default and plaintiff's motion for default judgment. Issues raised are considered and addressed below.

A.	Motion to Set Aside Entry of Default (DE 42)

Relief from default "should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F. 2d 725, 727 (4th Cir. 1982). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party." Id. In addition, "when a party is blameless and the attorney is at fault . . . , default judgment should ordinarily be set aside." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988).

Counsel for defendant represents that default resulted from his own error, not that of his client. (See 42-2 at 7). Counsel failed to take note of deadlines set by the court where two family members and a close friend passed away, and two of his law partners fell ill, during the relevant period. See id. In light of these circumstances, counsel's neglect is excusable. Defendant appears to be blameless for the default, and plaintiff has experienced no hardship "beyond that suffered by any party which loses a quick victory." Augusta Fiberglass Coatings, Inc., 843 F.2d at 812. The court takes note in making this decision also of the fact defendant answered the original complaint and participated in the litigation, including submission to the court of its report, pursuant to Rule 26(f), Fed. R. Civ. Pro., which mentions plaintiff's unwillingness to consent to a scheduling order.

As for the meritorious defense requirement, defendant represents that plaintiff was fired because he applied for an armed security guard position and subsequently failed a background check. An employer may prevail on an employment discrimination claim based on retaliation

when it shows "that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason" and the plaintiff cannot rebut that showing. Foster v. University of Marland-Eastern Shore, 787 F.3d 243, 250 (4th Cir. 2015).

Although plaintiff has submitted evidence calling this narrative into serious doubt, (see DE 1-2 at 1-2) (suggesting that defendant responded to plaintiff's notification that he would "be taking [the] matter of [his] pay being late to the EEOC" with declaration that plaintiff "no longer work[s] at Falu Security"), the standard requires only "some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc., 843 F.2d at 812. Where defendant has made such showing, and for the other reasons given, entry of default is set aside.

B.   Motion for Default Judgment (DE 44)

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleten Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Where defendant's motion to set aside entry of default is allowed, and defendant has answered the second amended complaint, resolution on the merits is available and default judgment is not appropriate. Accordingly, plaintiff's motion is denied.

C.   Case Management Considerations

Hearing now discontinued was to include conference with the parties pursuant to Federal Rule of Civil Procedure 16(a) to review deadlines set by the court's April 21, 2023, case management order and determine a revised case schedule, as appropriate. While this matter no longer falls within the category of cases automatically selected for mediation pursuant to Local

6

Rule of Alternative Dispute Resolution 101.1a(b), it was the court's intention, too, to engage with the parties concerning their possible resort to some alternative dispute resolution technique(s).

The court refers the case to United States Magistrate Judge Brian S. Meyers, sitting in Raleigh, North Carolina, for conference pursuant to Federal Rule of Civil Procedure 16(a). The parties are DIRECTED to confer and to propose three mutually agreeable dates and times for such conference to the clerk by **September 24, 2024**, for the magistrate judge's consideration in scheduling.

## CONCLUSION

In accordance with the foregoing, defendant's motion to set aside default (DE 42) is GRANTED. Plaintiff's motion for default judgment is TERMINATED AS MOOT. This case is referred to the magistrate judge for further proceedings described herein.

SO ORDERED, this the 11th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge