IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-419-FL

| | | |
|---|---|---|
| CLINTON BRINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FALU CORPORATION, d/b/a The Falu | ) | |
| Security Corporation, d/b/a Falu Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") (DE 77) of United States Magistrate Judge Brian S. Meyers, regarding myriad motions submitted by plaintiff, who proceeds in this matter on his own behalf. Also pending is plaintiff's motion to set case for trial and hearings (DE 78), which is not addressed in the M&R. No party objected to the M&R, defendant did not respond to plaintiff's additional motion, and the time to do either has expired. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

For ease of reference, the court incorporates the background of this case as set forth in the M&R, as follows:

> On December 30, 2022, plaintiff Clinton Brinson ("plaintiff" or "Mr. Brinson") filed a complaint in this court against Falu Corporation d/b/a The Falu Security Corporation d/b/a Falu Security ("Falu"). [DE-8]. Plaintiff's second amended complaint brings various federal and state law claims arising from Mr. Brinson's employment with and termination by Falu. See generally [DE-37].
>
> In September 2021, the court referred this case to the [magistrate judge] for conference pursuant to Federal Rule of Civil Procedure 16(a). [DE-53] at 7. On

October 9, 2024, the parties participated in a court hosted settlement conference before the [magistrate judge] ("October 9 settlement conference"); plaintiff and counsel for defendant were present in person. See [DE-57]. The parties reached a settlement agreement during the October 9 settlement conference and memorialized the terms thereof on the record before the [magistrate judge] (the "agreed memorialized terms").

On October 22, 2024, plaintiff filed the first breach of contract motion [DE-58] and on November 22, 2024, he filed the second breach of contract motion [DE-59]. Each motion alleged a failure by Falu to comply with the agreed memorialized terms and the related settlement agreement (the "original settlement agreement"). See generally [DE-58; -59].

The [magistrate judge] granted [DE-60] plaintiff's request for hearing contained in his first breach of contract motion ([DE-58] at 1) and held a hearing with both parties on December 18, 2024 ("December 18 status conference") [DE-61].

At the December 18 status conference, plaintiff and counsel for defendant were present. [DE-61]. Counsel for defendant acknowledged that plaintiff had not received the settlement payment required by the original settlement agreement. Counsel for defendant provided a copy of the written settlement agreement, including the exhibit referenced in the settlement agreement, to the court. After confirming that neither party objected, the court entered a sealed copy of the written settlement agreement on the docket of this case [DE-62]. During a recess of the December 18 status conference, the parties came to a resolution and agreed to an amended settlement agreement (the "amended settlement agreement"). The parties put the following additional or amended terms of the settlement agreement on the record: (1) plaintiff would receive $3,000.00 to resolve his then-pending motions [DE-58; -59] to be paid by December 18, 2024; (2) in addition, the settlement amount of $21,500.00 (the "original settlement amount") specified in the original settlement agreement would be increased to $25,000.00 (the "amended settlement amount") to be paid by trust account or certified bank check by December 20, 2024, to compensate plaintiff for the delay in payment. The $3,000.00 payment was expressly intended to resolve any of plaintiff's then-pending motions including [DE-58] and [DE-59]. The parties also agreed that once plaintiff received the funds, the parties would sign a stipulation of dismissal.

On December 18, plaintiff also filed a motion for entry of default [DE-63] and a motion for entry of default for breach of settlement agreement [DE-64]. Plaintiff's motions for entry of default [DE-63; -64] each request an entry of a default against defendant based on his failure to respond to plaintiff's first breach of contract motion and otherwise to comply with the agreed memorialized terms and original settlement agreement, as discussed above. [DE-63; -64].

2

The [magistrate judge] set an additional status conference for December 27, 2024 ("December 27 status conference"), to confirm whether the parties had complied with the terms of the amended settlement agreement. At the December 27 status conference, the parties agreed that plaintiff had received the check for $3,000.00 on December 18, 2024, but had not received the increased settlement amount as agreed on December 20, 2024. Defendant represented that it had not made the payment of the balance of the increased settlement amount, because it did not have the funds to pay as the result of a delay in receiving funds owed to it by third parties. Plaintiff told the court that he wanted the settlement agreement to be voided and to have a breach of contract entered. At the request of the parties, the [magistrate judge] undertook additional mediation efforts to resolve the disputes between the parties, but the parties arrived at an impasse with respect to how to respond to defendant's partial breach of the amended settlement agreement. The [magistrate judge] took the parties [sic] final positions under advisement and set a telephonic status conference for January 3, 2025 ("January 3 telephonic status conference"). At the January 3 telephonic status conference, both parties were present telephonically. Counsel for defendant advised that defendant would be able to pay the balance of the increased settlement amount by January 10, 2025. The [magistrate judge] set an additional telephonic status conference for January 10, 2025 ("January 10 telephonic status conference").

On January 9, 2025, plaintiff filed the following motions: October hearing motion for sanctions [DE-67]; December hearing motion for sanctions [DE-68]; first motion to amend [DE-69]; and second motion to amend [DE-70].

At the January 10 telephonic status conference, counsel for defendant acknowledged that defendant had not paid the increased settlement amount. The [magistrate judge] clarified with plaintiff which motions plaintiff sought to amend with his recent filings. Plaintiff confirmed that (i) the first motion to amend [DE-69] seeks to amend the second breach of contract motion [DE-59] and (ii) the second motion to amend [DE-70] seeks to amend plaintiff's motion for entry of default for breach of settlement agreement [DE-64]. See [DE-71]. The [magistrate judge] also confirmed with plaintiff that the attachments to each of the motions filed at [DE-67, -68, -69 and -70] are all the same.

(M&R (DE 77) at 2-5) (footnotes omitted).

The instant motion to set case for trial and hearings (DE 78) was taken in by the clerk June 5, 2025, and entered on the docket the following day, along with the magistrate judge's order and M&R (DE 77). The magistrate judge granted plaintiff's motions to amend (DE 69, 70) and recommended granting plaintiff's second breach of contract motion (DE 59) and denying all

remaining motions.[1]  Defendant did not respond to the motion, and neither party filed objection to the M&R.

**COURT'S DISCUSSION**

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends that the court:

1)    deny as moot plaintiff's first breach of contract motion (DE 58), motion for entry of default (DE 63), and motion for entry of default for breach of settlement agreement (DE 64), as amended by second motion to amend (DE 70);

2)    deny plaintiff's motions for sanctions (DE 67, 68) where the magistrate judge did not find evidence that defendant engaged in sanctionable conduct; and

3)    grant plaintiff's second breach of contract motion (DE 59) under the court's inherent authority to enforce settlement agreements, see Hensley v. Alcon Labs,

---

[1]    The M&R does not include a recommendation regarding plaintiff's motion to set case for trial and hearings (DE 78).

<u>Inc.</u>, 277 F.3d 535, 540 (4th Cir. 2002) ("[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements.").

Upon careful review of the M&R and the record in this matter, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. Thus, the court adopts the recommendation of the magistrate judge as its own.

In the instant motion to set case for trial and hearings (DE 78), plaintiff asks the court to set hearing dates for his underlying breach of contract and sanctions motions. This request is rendered moot by the adoption of the M&R.

## CONCLUSION

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge (DE 77) as follows:

1)    plaintiff's first breach of contract motion (DE 58) is DENIED;

2)    plaintiff's motions for entry of default (DE 63, 64) are DENIED;

3)    plaintiff's motions for sanctions (DE 67, 68) are DENIED; and

4)    plaintiff's second breach of contract motion (DE 59, as amended by DE 69) is GRANTED. Specifically, the court DIRECTS that:

    a.    defendant pay within 21 days of the date of this order, $25,000.00 plus statutory interest of eight percent annualized from December 20, 2024, until and including the date this balance is paid to plaintiff;

    b.    within seven days of plaintiff receiving payment, the parties shall file a stipulation of dismissal with prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1)(ii); and

5

  c.  the case will remain open on the court's docket for purposes of enforcing the foregoing direction to defendant.  In the event a stipulation of dismissal is filed, the clerk is DIRECTED to close this case on the basis of that stipulation, without further order of the court.

  Plaintiff's motion to set case for trial and hearings (DE 78) is DENIED AS MOOT.  The clerk is DIRECTED to send a copy of this order to plaintiff via mail and via email to the email address provided by plaintiff October 9, 2024, and to counsel for defendant at the email address of record in this matter.

  SO ORDERED, this the 28th day of July, 2025.


                   _____
                   LOUISE W. FLANAGAN
                   United States District Judge